RECEIVED
BY MAIL

JUN 0 5 2012

CLERK, US DISTRICT COURT
MINNEAPOLIS, MN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF MINNESOTA
## FOURTH DIVISION

ERIC MICHAEL SORENSON, PRO PER,
     PLAINTIFF,

VS.

MINNESOTA DEPARTMENT OF CORRECTIONS,
MINNESOTA CORRECTIONAL FACILITY – RUSH
CITY, JOAN FABIAN OR HER SUCCESSOR, TOM ROY,
SARAH TARDY, JANE/JOHN DOE #1, JANE/JOHN
DOE #2,
     DEFENDANTS.

---

Plaintiff's Pro Per Original
Federal Civil Rights § 1983
Complaint for Monetary,
Declaratory, and Injunctive
Relief

---

Pursuant to 42 U.S.C. § 1983

CA. No.:

_____

Hon.:

_____

Mag.:

_____

---

## Plaintiff's Pro Per Federal Civil Rights § 1983 Complaint for Monetary, Declaratory, and Injunctive Relief

## Table of Contents

I.    Introduction................................................................................................3

II.   Statements of Jurisdiction and Venue. ...................................................4

   a.   Statements of Jurisdiction...............................................................4

   b.   Statements of Venue.......................................................................5

III.  Parties...................................................................................................5

   a.   Plaintiff's Delegation.......................................................................5

SCANNED

JUN - 5 2012

U.S. DISTRICT COURT MPLS

b.   Defendant's Delegation's. ...................................................................................5

   i.   Artificial Defendant's............................................................................5

   ii.   Natural Defendant's. ...........................................................................6

IV.   Exhaustion of Administrative Remedies. ............................................................8

V.   Factual Allegations. ...........................................................................................8

   a.   Defendant's refusal to allow the Plaintiff to attend his father's funeral. ........................8

VI.   Counts Alleged..................................................................................................9

   a.   Defendant's refusal to allow the Plaintiff to attend his father's funeral. ......................10

      i.   Federal Constitutional Counts...........................................................10

      1.   Violation of the Plaintiff's Freedom of Exercise Clause of the First Amendment of the United States Constitution. ............................................................................10

      2.   Violation of the Plaintiff's Due Process Clause of Section 1 of the Fourteenth Amendment of the United States Constitution...............................................................10

      3.   Violation of the Plaintiff's Equal Protection Clause of Section 1 of the Fourteenth Amendment of the United States Constitution ("Class of One"). ..........................................10

      4.   Violation of the Plaintiff's Equal Protection Clause of Section 1 of the Fourteenth Amendment of the United States Constitution (Equal Protection). ........................................11

      ii.   State Constitutional Counts. ..............................................................11

      1.   Violation of the Plaintiff's Freedom of Exercise Clause of Art. 1 § 3 of the Minnesota Constitution................................................................................11

      2.   Violation of the Plaintiff's Due Process Clause of Art. 1 § 2 of the Minnesota Constitution......11

      3.   Violation of the Plaintiff's Equal Protection Clause of Art. 1 § 2 of the Minnesota Constitution. 11

      iii.   Federal Tort Counts...........................................................................12

      1.   Violation of the Title II of the Americans with Disabilities Act (Title II of the ADA)....................12

      iv.   State Tort Counts...............................................................................12

      1.   Violation of the Minnesota Human Rights Act (MHRA). .........................12

      2.   The intentional infliction of emotional distress upon the Plaintiff. .........................12

      3.   The defamation of the Plaintiff. ........................................................12

      4.   The maltreatment of the Plaintiff. ....................................................13

      5.   Lowered standard of living...............................................................13

      6.   Violation of the Religious Land Use and Institutionalized Persons Act........................13

VII.   Relief Requested. ..............................................................................................13

a.   Declaratory Relief:.................................................................................13

b.   Injunctive Relief:..................................................................................13

c.   Monetary Relief:...................................................................................14

   1.   Nominal Damages. ........................................................................14

   2.   Compensatory Damages. ..............................................................14

   3.   Punitive Damages...........................................................................15

   4.   Other Relief. ..................................................................................16

VIII.   Complaint Verification........................................................................16

## I.    Introduction.

This is a pro per federal civil rights complaint authorized by 42 U.S.C. §1983 brought

by a sole plaintiff, Eric Michael Sorenson, a client within the Minnesota Regional

Treatment Center – Moose Lake (hereinafter referred to as "MRTC – ML"), located

in Moose Lake, Minnesota. This Complaint alleges that the above – named

Defendants have violated the Plaintiff's rights by prohibiting the Plaintiff from

attending his father's funeral when he was detained within the Minnesota Correctional

Facility – Rush City (hereinafter referred to as "MCF – RC"). Specifically, this

complaint alleges that the Defendant's have violated the Plaintiff's Freedom of

Exercise Clause of the First Amendment of the United States Constitution and the

Due Process and Equal Protection Clauses of Section 1 of the Fourteenth Amendment

of the United States Constitution. Further, the Plaintiff makes claims that the

Defendants have treated him as a "class of one" in this matter and deprived him of

equal treatment given to others same or similarly situated. This Complaint further

alleges such other state constitutional rights under the courts Pendant/Supplemental

jurisdiction as violations of the Freedom of Expression Clause of Art. 1 § 3 of the

Minnesota Constitution, and the Due Process and Equal Protection Clauses of Art. 1 §

2 – "Rights And privileges" of the Minnesota Constitution. Additionally alleged is a

violation of Title II of the Americans with Disabilities Act, the Minnesota Human

Rights Act, and intentional infliction of emotional distress (aka. "Outrage"),

defamation, maltreatment. The plaintiff further requests that this court refer this

matter for criminal proceeding in the federal and state Grand Juries for

charges/indictments as determined at such time as the completion of the civil portion

of this matter.

## II.     Statements of Jurisdiction and Venue.

### a.  Statements of Jurisdiction.

1. This Court has Federal Question jurisdiction over the Plaintiff's claims within this

   complaint arising under the Constitution, Statutes, and treaties of the United States

   pursuant to 28 U.S.C. § 1331(a).

2. This court has Supplemental jurisdiction over the Plaintiff's claims within this

   complaint arising under the Constitution, Statutes, and treaties of the State of

   Minnesota pursuant to 28 U.S.C. § 1367.

3. This court has Criminal jurisdiction over the plaintiff's request for criminal

   charges/indictments and referral to the respective Grand Juries pursuant to 18

   U.S.C. § 3232.

**b. Statements of Venue.**

4. The United States District Court for the State of Minnesota, Fourth Division,

    located in the United States Courthouse, at United States Courthouse, Ste. 202,

    300 South Fourth Street, Minneapolis, Minnesota 55415 is an appropriate venue

    pursuant to 28 U.S.C. § 1391 (b), as it is where one or more of the defendants

    work and/or reside. Further, it is where the DOC Central Office is located.

## III.   Parties.

**a. Plaintiff's Delegation.**

5. Eric Michael Sorenson, is the sole Plaintiff in this matter and is a client within the

    MRTC – ML facility, located at 1111 Hwy. 73, Moose Lake, Minnesota 55767.

    He has suffered a grievous loss of his civil liberties and state and federal tort law

    as described by the acts and omissions within this complaint. He now files this

    lawsuit to restore him to his full capacity.

**b. Defendant's Delegation's.**

    **i. Artificial Defendant's.**

6. The Minnesota Department of Corrections (hereinafter referred to as "DOC"), is a

    defendant within this matter. It is unclear to the Plaintiff as to who is currently

    legally eligible to accept service for this defendant. However, upon discovery of

    this information, or as soon thereafter as possible, the Plaintiff will provide it to

    this court. This defendant has employed policies, practices, procedures, ect… that

    are unconstitutional and have depraved the Plaintiff of his rights guaranteed by the

    Constitutions and Laws of the United States and of the State of Minnesota.

7. The Minnesota Correctional Facility – Rush City (hereinafter referred to as "MCF-RC"), is a defendant within this matter. It is unclear to the Plaintiff as to who is currently legally eligible to accept service for this defendant. However, upon discovery of this information, or as soon thereafter as possible, the Plaintiff will provide it to this court. This defendant has employed policies, practices, procedures, ect… that are unconstitutional and have depraved the Plaintiff of his rights guaranteed by the Constitutions and Laws of the United States and of the State of Minnesota.

   ii.  Natural Defendant's.

8. Joan Fabian (hereinafter referred to as "Fabian") or her Successor, is a defendant for the purposes of this matter. She was at the time of the events and omissions listed within this complaint the Commissioner of the Minnesota Department of Corrections. She was located at the DOC Central Office, 1450 Energy Park Drive, Suite 200, St. Paul, MN 55108-5219. Upon information and belief, defendant Fabian has taken acts relevant to this complaint at this location.

9. Tom Roy (hereinafter referred to as "Roy"), is a defendant for the purposes of this matter. He is the current Commissioner of the Minnesota Department of Corrections. He is currently located at DOC Central Office, 1450 Energy Park Drive, Suite 200, St. Paul, MN 55108-5219. Upon information and belief, defendant Roy has and continues to take unconstitutional and illegal actions relevant to this matter at this location.

10. Sarah Tardy (hereinafter referred to as "Tardy"), is a defendant for the purposes of this matter. She is a case manager for the MCF-RC facility. Likewise, she was the Plaintiff's case manager at the MCF – RC facility. She is currently located at MCF-RC facility, 7600 – 525th Street, Rush City, MN 55069 - 2227. Tardy has taken and continues to take unconstitutional and illegal actions relevant to this matter at this location.

11. Jane/John Doe #1 (hereinafter referred to as "Doe #1"), is a defendant in this matter. Doe #1 is the Warden for the MCF – RC facility. This defendant's true name is not currently known to the plaintiff; however, upon discovery of the information, or as soon thereafter as possible, the Plaintiff will inform the courts of the same. Doe #1, upon information and belief, is located at MCF-RC facility, 7600 – 525th Street, Rush City, MN 55069 - 2227. Upon information and belief, Doe #1 has and continues to take unconstitutional and illegal actions relevant to this matter at this location.

12. Jane/John Doe #2 (hereinafter referred to as "Doe #2"), is a defendant in this matter. Doe #2 is the Case Management Supervisor for the MCF – RC facility. This Defendant's true name is not currently known to the plaintiff; however, upon discovery of the information, or as soon thereafter as possible, the plaintiff will inform the courts of the same. Doe #2, upon information and belief, is located at MCF-RC facility, 7600 – 525th Street, Rush City, MN 55069 - 2227. Upon further

information and belief, Doe #2 has and continues to take unconstitutional and illegal actions relevant to this matter at this location.

## IV.     Exhaustion of Administrative Remedies.

13. The Plaintiff, Eric Michael Sorenson, hereby states and certifies under the penalties of perjury that he has exhausted all available administrative remedies in this matter and has remained unfruitful.

## V.     Factual Allegations.

   ### a.  Defendant's refusal to allow the Plaintiff to attend his father's funeral.

14. While the Plaintiff was incarcerated within the MCF – RC facility, he was informed by Defendant Tardy that his father had passed away.

15. The Plaintiff at the time that he was informed of his father passing away informed Defendant Tardy that he wanted to go to the wake, which wasn't for a week or so away.

16. Defendant Tardy then told the Plaintiff that she would complete the paperwork and allow the Plaintiff to attend his father's funeral.

17. The day of the wake, the Plaintiff had mentioned that he was to go to his father's funeral and the Plaintiff was subsequently informed that the staff did not know anything about him leaving on a writ.

18. The Plaintiff was then told that Defendant Tardy wanted to speak with him about the matter, and the Plaintiff was informed that he was unable to attend the funeral because Defendant Tardy never put in the paperwork for him to go.

19. The Plaintiff out of concern asked why Defendant Tardy did not put in the paperwork for the Plaintiff to attend the funeral and Defendant Tardy gave multiple excuses of which were "because I didn't want to" and "because I forgot". Defendant Tardy even tried to blame the Plaintiff stating he didn't tell her he wanted to go, which was proven at the time completely false.

20. Other inmates that where same or similarly situated to the plaintiff where approved to go to their funerals, however, when it came to the Plaintiff's request, it was ignored.

21. The Plaintiff is a U.S. citizen whom is Caucasian and entitled to all guarantees and protections of the Minnesota and United States Constitution and laws.

22. The Plaintiff enjoys a constitutionally protected right to attend an immediate family members funeral.


## VI.    Counts Alleged.

23. The Plaintiff re-pleads paragraphs 1 through 22 of this complaint and reincorporates them here.

    a.  **Defendant's refusal to allow the Plaintiff to attend his father's funeral.**

        i.  **Federal Constitutional Counts.**

            1.  **Violation of the Plaintiff's Freedom of Exercise Clause of the First Amendment of the United States Constitution.**

24.  **Count 1:** The intentional stiffening of the Plaintiff's freedom of expression by the defendants as described within the factual allegations section of this complaint violated the plaintiff's Freedom of Exercise Clause of the First Amendment of the United States Constitution.

            2.  **Violation of the Plaintiff's Due Process Clause of Section 1 of the Fourteenth Amendment of the United States Constitution.**

25.  **Count 2:** The intentional denial of the Plaintiff's rights as described within this matter by the Defendant's as described within the factual allegations section of this complaint have violated the Plaintiff's Due Process Clause of Section 1 of the Fourteenth Amendment of the United States Constitution.

            3.  **Violation of the Plaintiff's Equal Protection Clause of Section 1 of the Fourteenth Amendment of the United States Constitution ("Class of One").**

26.  **Count 3:** The intentional treatment as a "class of one" of the Plaintiff by the Defendant's in this matter as described within the factual allegations section of this complaint violates the Plaintiff's Equal Protection Clause of Section 1 of the Fourteenth Amendment of the United States Constitution.

4. **Violation of the Plaintiff's Equal Protection Clause of Section 1 of the Fourteenth Amendment of the United States Constitution (Equal Protection).**

27. **Count 4:** The intentional treatment of the Plaintiff differently as another same or similarly situated as the Plaintiff by the Defendant in this matter as described by the factual allegations section of this complaint violates the Plaintiff's Equal Protection Clause of Section 1 of the United States Constitution.

ii. **State Constitutional Counts.**

1. **Violation of the Plaintiff's Freedom of Exercise Clause of Art. 1 § 3 of the Minnesota Constitution.**

28. **Count 5:** The intentional intrusion of the Plaintiff's freedom of expression by the defendants as described within the factual allegations section of this complaint violated the plaintiff's Freedom of Exercise Clause of Art. 1 § 3 of the Minnesota Constitution.

2. **Violation of the Plaintiff's Due Process Clause of Art. 1 § 2 of the Minnesota Constitution.**

29. **Count 6:** The intentional denial of the Plaintiff's rights as described within this matter by the Defendant's  as described by the factual allegations section of this complaint have violated the Plaintiff's Due Process Clause of Art. 1 § 2 of the Minnesota Constitution.

3. **Violation of the Plaintiff's Equal Protection Clause of Art. 1 § 2 of the Minnesota Constitution.**

30. **Count 7:** The intentional treatment of the Plaintiff differently as another same or similarly situated as the Plaintiff by the Defendant in this matter as described by

the factual allegations section of this complaint violates the Plaintiff's Equal

Protection Clause of Art. 1 § 2 of the Minnesota Constitution.

   iii.  **Federal Tort Counts.**

     1.  **Violation of the Title II of the Americans with Disabilities Act (Title II of the ADA).**

31. <u>**Count 8:**</u> The intentional refusal of the Plaintiff's right to attend a public function

(eg. his father's funeral) by the Defendant's as described within the factual

allegations section of this complaint violated the plaintiff's rights under Title II of

the Americans with Disabilities Act (Title II of the ADA).

   iv.  **State Tort Counts.**

     1.  **Violation of the Minnesota Human Rights Act (MHRA).**

32. <u>**Count 9:**</u> The intentional refusal of the Plaintiff's right to attend a public function

(eg. his father's funeral) by the Defendant's as described within the factual

allegations section of this complaint violated the plaintiff's right under the

Minnesota Human Rights Act (MHRA).

     2.  **The intentional infliction of emotional distress upon the Plaintiff.**

33. <u>**Count 10:**</u> The defendants in this matter, by virtue of the events and omissions of

the factual allegations section of this complaint, have caused the plaintiff the tort

of intentional infliction of emotional distress.

     3.  **The defamation of the Plaintiff.**

34. <u>**Count 11:**</u> By virtue of the factual allegations section of this complaint, the

Defendants in this matter have caused the Plaintiff to undergo defamation.

### 4. The maltreatment of the Plaintiff.

35. **Count 12:** By virtue of the factual allegations section of this complaint, the

Defendants in this matter have caused the Plaintiff to undergo maltreatment.

### 5. Lowered standard of living.

36. **Count 13:** By virtue of the factual allegations section of this complaint the

Plaintiff has undergone a lowered standard of living in which he should not have

sustained during his stay within the DOC.

### 6. Violation of the Religious Land Use and Institutionalized Persons Act.

37. **Count 14:** The defendants have unduly prohibited the Plaintiff from exercising his

religious rights by preventing him from attending his father's funeral in violation

of the Religious Land Use and Institutionalized Persons Act.

## VII.   Relief Requested.

**WHEREFORE,** the Plaintiff hereby prays the court to grant him the following relief:

### a. Declaratory Relief:

Issue declaratory relief as follows:

38. That each of the constitutional and tort law wrongs as listed within this complaint,

that this court finds in violation of, have violated the Plaintiff's rights under the

Minnesota and Federal Constitution and laws.

### b. Injunctive Relief:

Issue injunctive relief as follows:

39. That each of the defendants responsible for the constitutional and/or state law violations as listed and inferred by the events and omissions of this complaint be terminated.

40. A letter is written from the Minnesota Department of Corrections Commissioner, Defendant Joan Fabian or her Successor in office, to the Plaintiff stating the apologies of the Minnesota Department of Corrections for refusing to let the Plaintiff ("Eric Michael Sorenson") from going to his father's funeral.

41. Order person's in charge of the Plaintiff, that the Plaintiff may visit his father's grave to pay his last respects.

### c.  Monetary Relief:
Issue monitory damages as follows:

#### 1.  Nominal Damages.
Award nominal damages as follows:

42. In the Eighth Circuit Court, in *Fegans v. Norris*[1], the court stated nominal damages were awarded in the sum of $1,500.00.

43. Award nominal damages in the sum of $1,500.00 to the Plaintiff.

#### 2.  Compensatory Damages.
Award compensatory damages as follows:

---

[1] Fegans v. Norris, 537 F.3d 897, 908 (8th Cir. 2008) (Citing Nominal damages awarded in the amount of $1,500.00)

44. Award compensatory damages against the defendants to the plaintiff for intentional infliction of emotional distress.

45. Award compensatory damages against the defendants to the plaintiff for defamation of the Plaintiff.

46. Award compensatory damages against the defendants to the plaintiff for the maltreatment of the Plaintiff.

47. Award compensatory damages against the defendants to the plaintiff for the violation of MHRA.

48. Award compensatory damages against the defendants to the plaintiff for the violation of Title II of the ADA.

49. Award compensatory damages against the defendants to the plaintiff for the intentional lowering of the Plaintiff's lifestyle due to unreasonable circumstances placed upon the Plaintiff and the factual allegations section of this complaint.

### 3. Punitive Damages.

Award punitive damages as follows:

50. Award punitive damages against defendant Joan Fabian.

51. Award punitive damages against defendant Tom Roy.

52. Award punitive damages against defendant Sarah Tardy.

53. Award punitive damages against defendant Jane/John Doe #1.

54. Award punitive damages against defendant Jane/John Doe #2.

### 4.  Other Relief.

55. Order any other relief as this Honorable Court may deem just and necessary.

Dated: Sunday, June 03, 2012

Respectfully Submitted:

*(signature)*

Eric Sorenson, Plaintiff, Pro Per
1111 Hwy. 73
Moose Lake, MN 55767

## VIII.  Complaint Verification.

I, Eric Michael Sorenson, being the above named plaintiff, hereby states and

certifies with this court under the penalties of perjury, that I have listed all of the

paragraphs, with the exception of the paragraphs made under information and belief, that

the information contained herein is true and correct to the best of my abilities, and with

regards to those made under information and belief, I believe those to be true to the best

of my knowledge.

*(signature)*

Eric Sorenson, Plaintiff, Pro Per

Eric Sorenson
1111 Hwy. 73
Moose Lake, MN 55767

Private:
Legal Mail



$01!
06/04/
Mailed From
US POS

TO: United States Courthouse
United States District Court
United States Courthouse, Ste 202
300 South Fourth Street
Minneapolis, MN 55415

RECEIVED
BY MAIL

JUN 0 5 2012

CLERK, US DISTRICT COURT
MINNEAPOLIS, MN

Mailed From A Secure
Treatment Facility

Mailed on 6-3-2012 ᵉˢ

TO:    United States District Court
       C/O: Court Administrator
       United States Courthouse, Ste. 202
       300 South Fourth Street
       Minneapolis, Minnesota 55145

RECEIVED
BY MAIL

JUN 0 5 2012

CLERK, US DISTRICT COURT
MINNEAPOLIS, MN

FROM:  Eric Sorenson
       1111 Highway 73
       Moose Lake, MN 55767

DATE:  Sunday, June 03, 2012 at 5:21:10 PM

**RE:**    Documents to file in new matter.

Dear Court Administrator:

I am currently enclosing documents for filing in a new matter.

Please feel free to contact me via the above address with any questions in this matter.

Thank you for your time and assistance.

Respectfully Submitted:

Eric Sorenson, Plaintiff, Pro Per