UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

ERIC MICHAEL SORENSON,                                    Civil No. 12-1336 (ADM/AJB)

        Plaintiff,

      v.                                                          **REPORT AND RECOMMENDATION**

MINNESOTA DEPARTMENT OF
CORRECTIONS, MINNESOTA
CORRECTIONAL FACILITY – RUSH
CITY, JOAN FABIAN or her successors,
TOM ROY, SARAH TARDY, and
JANE/JOHN DOE # 2,

        Defendants.

_____

This case is presently before the undersigned United States Magistrate Judge on

Plaintiff's application seeking leave to proceed in forma pauperis, ("IFP"), as permitted by

28 U.S.C. § 1915(a)(1).  (Docket No. 2.)  The matter has been referred to this Court for

report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons

discussed below, the Court will recommend that Plaintiff's IFP application be denied, and

that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  BACKGROUND

Plaintiff is a civilly committed detainee at the Minnesota Regional Treatment Center

in Moose Lake, Minnesota.  His current lawsuit stems from a series of events that allegedly

occurred while he was previously serving a state prison sentence at the Minnesota

Correctional Facility in Rush City, Minnesota, ("MCF-RC").

Plaintiff alleges that at some unspecified time during his incarceration at MCF-RC,

a case manager, Defendant Sarah Tardy, informed him that his father had died.  Upon

hearing that news, Plaintiff told Tardy that he would like to be released from prison so that he could attend his father's wake, which was scheduled to take place about a week later. Tardy allegedly told Plaintiff "that she would complete the paperwork and allow the Plaintiff to attend his father's funeral."  (Complaint, [Docket No. 1], p. 8, ¶ 16.)  However, when the day of the funeral arrived, Plaintiff was informed that "staff did not know anything about him leaving on a writ."  (Id., ¶ 17.)  Plaintiff later learned that he would not be able to attend the funeral because Defendant Tardy "never put in the paper work for him to go."  (Id., p. 9, ¶ 18.)  When Plaintiff asked Tardy why she had not submitted the paperwork that would have allowed him to attend the funeral, Tardy allegedly "gave multiple excuses," including 'because I didn't want to' and 'because I forgot.'"  (Id., ¶ 19.)  She also allegedly tried to blame Plaintiff for the omission, claiming that he "didn't tell her he wanted to go," (which, according to Plaintiff was "completely false").  (Id.)  Plaintiff alleges that other "similarly situated" prison inmates have been allowed to attend funerals, but his request to attend his father's funeral "was ignored."

Based on these allegations, Plaintiff is now attempting to bring several federal and state causes of action against Defendant Tardy.  He is also attempting to sue MCF-RC, the Minnesota Department of Corrections, ("DOC"), past and present Commissioners of the DOC, (Joan Fabian and Tom Roy), and two "Jane/John Doe" Defendants.  Plaintiff is seeking a judgment against the various Defendants for nominal, compensatory and punitive damages.  He is also asking for a written apology from Defendants.

For the reasons discussed below, the Court finds that Plaintiff has failed to plead any actionable claim for relief based on federal law or the Constitution, and the Court will therefore recommend that all of Plaintiff's proposed federal causes of action be summarily

2

dismissed.  The Court also finds that it would not be appropriate to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and the Court will therefore recommend that those claims also be dismissed (without prejudice).

## II.  DISCUSSION

An IFP application will be denied, and the plaintiff's claims will be dismissed, when the plaintiff's complaint fails to state a cause of action on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory.  Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law."  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).  See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) ("[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").  The facts supporting a plaintiff's claims must be clearly alleged.  Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."  Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff is seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights.  He claims that he "enjoys a constitutionally protected right to attend an immediate family members [sic] funeral."  (Complaint, p. 9, ¶ 22.)  He also claims that Defendants violated his rights under the Americans with Disabilities Act, ("ADA),

and the Religious Land Use and Institutionalized Persons Act, ("RLUIPA").  In addition to Plaintiff's claims based on federal law, he is also seeking relief based on various state law theories.

    A.  <u>Section 1983 Claims</u>

To state an actionable § 1983 civil rights claim, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  A civil rights claimant must plead facts showing each named defendant's personal involvement in alleged constitutional wrongdoing.  <u>Ellis v. Norris</u>, 179 F.3d 1078, 1079 (8th Cir. 1999). <u>See also</u> <u>Beck v. LaFleur</u>, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").  Thus, in order to state an actionable civil rights claim against a defendant, a complaint must set forth specific factual allegations showing what that particular defendant allegedly did, or failed to do, while acting under color of state law, that purportedly violated the plaintiff's federal constitutional rights. As explained by the Supreme Court, "a plaintiff must plead that each Government-official defendant, <u>through the official's own individual actions</u>, has violated the Constitution." <u>Iqbal</u>, 129 S.Ct. at 1948 (emphasis added).

In this case, Plaintiff has failed to plead any facts showing that any of the named Defendants violated any of his rights under the federal Constitution.  Plaintiff's § 1983 claims are based on his belief that he has a constitutional right to attend the funeral of an immediate family member.  (Complaint, p. 9, ¶ 22.)  However, that is simply not the case.

Federal courts have repeatedly held that prison inmates do <u>not</u> have a constitutional right to attend funerals.  <u>See</u> <u>e.g.</u>, <u>Williams v. Terrell</u>, Civ.A. No. 2:1-cv-87 (W.D.La. 2011), 2011 WL 6181446 at *2 ("[a] prisoner simply has no federal statutory or constitutional right to attend a relative's funeral"); <u>Walters v. Washington County Jail</u>, No. 07-5113 (W.D.Ark. 2007), 2007 WL 2710433 at *2 ("there is no constitutional right for a detainee to be released from incarceration to attend a family member's funeral"); <u>Smith v. California County of Corrections</u>, No. 11-9052 ABC (SS) (C.D.Cal. 2012), 2012 WL 1901982 at *3, n. 2 ("[c]ourts have... concluded that there is no constitutional right for an inmate to attend a family member's funeral"); <u>Wilson v. East Carroll Detention Center</u>, No. 3:11-cv-1753, (W.D.La. 2012), 2012 WL 6021713 at *3 ("[w]hile the court is sympathetic to the Plaintiff's desire to attend his mother's funeral, his claim that he was deprived of a Constitutionally protected right when prison officials did not allow him to do so is frivolous"); <u>Robinson v. City of New York</u>, No. 10-CV-4947 (ARR) (E.D.N.Y. 2011), 2011 WL 318093 at *2 ("[p]risoners do not have a constitutionally protected interest in attending the funeral of a relative").

Plaintiff has cited three specific provisions of the Constitution to support his § 1983 claims – (i) the due process clause of the Fourteenth Amendment, (ii) the freedom of religion clause of the First Amendment, and (iii) the equal protection clause of the Fourteenth Amendment.  However, Plaintiff has failed to plead an actionable § 1983 claim based on any of those parts of the Constitution.

### (i) Due Process

To state an actionable due process claim, a § 1983 complainant must allege a set of facts showing that he has been deprived of some constitutionally protected interest in

life, liberty or property, without being afforded the procedural protections of due process. Orr v. Larkins, 610 F.3d 1032, 1034 (8th Cir. 2010) (per curiam) ("'[i]n order to prevail on a Fourteenth Amendment due process claim, [the plaintiff] must first demonstrate that he was deprived of life, liberty, or property by government action'") (quoting Phillips v. Norris, 320 F.3d 844, 846 (8th Cir.2003)); Ragan v. Lynch, 113 F.3d 875, 876 (8th Cir. 1997) ("[a] due process claim is cognizable only if there is a recognized liberty or property interest at stake").

Plaintiff's current complaint does not present an actionable due process claim, because he has not shown that he has been deprived of any constitutionally protected interest in life, liberty or property.   Plaintiff seems to believe that prisoners have a constitutionally protected liberty interest in attending a relative's funeral, but that is not so. See Bowser v. Vose, 968 F.2d 105, 106 (1st Cir. 1992) ("[i]t is clear that the denial of a furlough implicates no inherent liberty interest"); Rathers v. Raney, No. 99-6627 (6th Cir. 2000), 2000 WL 1871702 (unpublished opinion) at *2 ("[a]n inmate has no liberty interest in attending a family member's wake or funeral"); Lunsford v. Timmerman-Cooper, No.2:11-cv-733 (S.D. Ohio 2012), 2012 WL 423763 at *1 (" prisoners have no liberty interest protected by the Constitution of the United States in being temporarily released for the purpose of attending a family members' funeral"); Jones v. Hawkins County Sheriff's Dept., No. 2:09-cv-76 (E.D.Tenn. 2010), 2010 WL 4962953 at *2 ("the denial of a funeral furlough implicates no liberty interest of a prisoner which is protected by the due process clause of the U.S. Constitution"); Pierre v. LCS Corrections Services, Inc., No. 6:10-cv-24 (W.D.La. 2010), 2010 WL 5559754 at *5 ("it has been consistently held that a prisoner has no constitutional right to leave prison to attend a funeral, that is, denial of permission to attend

6

a funeral does not implicate any constitutionally protected liberty interest") (citing 20 other cases).  Because Plaintiff's complaint does not show that he has been deprived of a constitutionally protected liberty interest, he has failed to plead an actionable due process claim.

### (ii) First Amendment

To maintain a claim based on the First Amendment's "freedom of religion" clause, a prisoner claimant must plead, (and ultimately prove), that some prison policy or practice "substantially burdens his sincerely held religious belief."  Weir v. Nix, 114 F.3d 817, 820 (8th Cir. 1997).  See also Hamilton v. Schriro, 74 F.3d 1545, 1550 (8th Cir.) ("[a]n inmate who challenges the constitutionality of a prison regulation or policy that limits the practice of religion must first establish that it infringes upon a sincerely held religious belief"), cert denied, 519 U.S. 874 (1996).  "[I]n making a free exercise claim under 42 U.S.C. § 1983, the inmate must establish both the existence of a sincerely held religious belief and the infringement upon that belief by the challenged act or regulation."  Hayes v. Long, 72 F.3d 70, 73 (8th Cir. 1995).

Plaintiff's complaint does not satisfy either of the two basic requirements of a free exercise claim.  Plaintiff has not alleged that he holds any specific religious beliefs; nor has he alleged that Defendants substantially burdened or infringed upon his ability to practice any such beliefs.  Plaintiff's complaint says nothing about his religious beliefs, and it does not show that any Defendant prevented him from complying with any fundamental requirement of his religion.  Therefore, Plaintiff has clearly failed to plead an actionable claim for relief under the "freedom of religion" clause of the First Amendment.

7

### (iii) Equal Protection

Plaintiff further claims that he was deprived of his constitutional right to equal protection because he was not allowed to attend his father's funeral.  According to the complaint, Plaintiff was a "class of one" who was treated differently from all other similarly situated inmates.

In Village of Willowbrook v. Olech, 528 U.S. 662 (2000) (per curiam), the Supreme Court recognized that "an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one.'" Engquist v. Oregon Dept. of Agr.  553 U.S. 591, 601 (2008).  "Thus, when it appears that an individual is being singled out by the government, the specter of arbitrary classification is fairly raised, and the Equal Protection Clause requires a 'rational basis for the difference in treatment.'" Id. at 602, quoting Olech, 528 U.S. at 564.  However, the Court also held in Engquist that –

> "There are some forms of state action,... which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments.  In such cases the rule that people should be 'treated alike, under like circumstances and conditions' is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted.  In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise."

553 U.S. at 603-04.  "Engquist underscores the importance of context in determining whether the alleged intentional disparate treatment is actionable or rather a permissible exercise of discretion." Mathers v. Wright, 636 F.3d 396, 400 (8th Cir. 2011).

Normally, if prisoners are afforded any chance to apply for a funeral furlough, the decision to grant or deny such a request is purely discretionary.  See e.g., Rasul v. United

States, No. 1:09-CV-928 (E.D.Tex. 2009), 2009 WL 3677244 at *1 ("[b]ecause the matter is <u>entirely within the discretion</u> of the Bureau of Prisons, a prisoner does not have a constitutionally-protected right to release for a funeral") (citing 18 U.S.C. § 3622(a)(2), 28 C.F.R. 570.32(a)(1)) (emphasis added).  Plaintiff has not identified any Minnesota statute, rule or regulation that would provide him any <u>right</u> to attend his father's funeral under any circumstances, so it appears that in Minnesota, as elsewhere, funeral furloughs must be purely discretionary.  That being the case, some prisoners will necessarily be treated differently from others.  The equal protection clause does not prohibit prison officials from making discretionary decisions to grant funeral furloughs to some inmates but not to others. See <u>Flowers v. City of Minneapolis, Minn.</u>, 558 F.3d 794, 799 (8th Cir. 2009) ("the class-of-one theory [is] a 'poor fit' in a context that involve[s] discretionary decisionmaking").

Plaintiff has not alleged that he was uniquely singled out and treated differently from all other Minnesota state prison inmates.  Indeed, Plaintiff could not credibly allege that he is the only inmate to be denied an opportunity to attend a loved one's funeral. Therefore, Plaintiff cannot maintain a "class of one" equal protection claim simply because he was not allowed to attend his father's funeral.

B.  <u>Other Federal Law Claims</u>

Plaintiff's complaint also purports to state claims based on two federal statutes – the ADA and RLUIPA.  The complaint obviously does not state an actionable ADA claim, because there are no factual allegations showing that Plaintiff has any disability that would make him eligible for ADA protection.  Moreover, even if Plaintiff does have some unidentified disability, there are no allegations showing that he suffered any discrimination,

or any other adversity, <u>because of</u> any such disability.

Plaintiff's complaint fails to state an actionable RLUIPA claim for the same reasons that it fails to state an actionable First Amendment claim – i.e., because (1) there are no factual allegations showing that Plaintiff holds any particular religious beliefs, and (2) there are no allegations showing any connection between his religious beliefs (if any) and his father's funeral.  See <u>Patel v. U.S. Bureau of Prisons</u>, 515 F.3d 807, 813-14 (8th Cir.2008) (both First Amendment free-exercise claim and RLUIPA claim require showing of substantial burden on ability to practice one's religion).

C.  <u>State Law Claims</u>

If Plaintiff had pleaded some actionable claim for relief based on federal law or the Constitution, then his various state common law claims could perhaps be entertained under the federal supplemental jurisdiction statute – 28 U.S.C. § 1367.  However, the absence of an actionable federal claim effectively precludes the Court from exercising supplemental jurisdiction over any possible state law claims.  <u>See</u> <u>Stokes v. Lokken</u>, 644 F.2d 779, 785 (8th Cir. 1981) ("when federal claims are dismissed before trial, the normal practice is to dismiss pendent [state law] claims"); <u>Johnson v. City of Shorewood, Minnesota</u>, 360 F.3d 810, 819 (8th Cir.) ("[t]he Supreme Court has noted that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine... will point toward declining to exercise jurisdiction over the remaining state-law claims'"), <u>cert</u>. <u>denied</u>, 543 U.S. 810 (2004), quoting <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n. 7 (1988); <u>see</u> <u>also</u> <u>Thomas v. Dickel</u>, 213 F.3d 1023, 1026 (8th Cir.) ("federal courts should 'exercise judicial restraint and avoid state law issues wherever possible'"), <u>cert</u>. <u>denied</u>, 531 U.S. 1013 (2000), quoting <u>Condor</u>

Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir.1990).

In this case, (as in most cases), a federal district court would not be the most suitable forum for adjudicating state law claims.   See Condor Corp., 912 F.2d at 220 (stressing "the need to exercise judicial restraint and avoid state law issues wherever possible").   Therefore, supplemental jurisdiction should not be exercised in this case.

## III.  CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state any cause of action against the named Defendants that can properly be addressed in federal court.   Based on that determination, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).   However, the Court recommends that all claims based on state law be dismissed without prejudice.[1]   Finally, having determined that this action should be summarily dismissed, the Court further recommends that Plaintiff's pending motion for appointment of counsel, (Docket No. 3), be denied.

## IV.  RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED;

---

[1]  Although Plaintiff will still be able to litigate his state law claims in state court, he should not believe that he is being encouraged to do so.  Based on a cursory review of Plaintiff's state law claims, it appears rather doubtful that he will be any more successful in state court than in federal court.  This Court is sympathetic to Plaintiff's feelings about missing his father's funeral.  Unfortunately, however, such experiences are commonly part of the suffering and distress that necessarily comes with a prison sentence.

2.  Plaintiff's motion for appointment of counsel, (Docket No. 3), be DENIED;

3.  This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

4.   The claims based on federal law that Plaintiff is attempting to bring in his complaint be dismissed with prejudice; and

5.  The claims based on state law that Plaintiff is attempting to bring in his complaint be dismissed without prejudice.

Dated: June 20, 2012

     s/ Arthur J. Boylan           
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before July 5, 2012.