**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Eric Michael Sorenson

        Plaintiff,

v.

Minnesota Department of Corrections,
Minnesota Correctional Facility - Rush City,
Joan Fabian or her successors,
Tom Roy, Sarah Tardy, Jane/John Doe #1,
and Jane/John Doe # 2,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 12-1336 ADM/AJB

Eric Michael Sorenson, pro se

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Plaintiff Eric Michael Sorenson's ("Sorenson") Objection [Docket No. 6] ("Objection") to Chief Magistrate Judge Arthur J. Boylan's Report and Recommendation [Docket No. 5] (the "R&R"). Judge Boylan's R&R recommends that Plaintiff's Motion for Leave to Proceed IFP without paying court costs and fees [Docket No. 2] (the "IFP Application") be denied, that Plaintiff's Complaint [Docket No. 1] be dismissed, and Plaintiff's Motion for Appointment of Counsel [Docket No. 3] ("Motion") be denied.  The procedural and factual background described in the R&R is thorough and incorporated by reference.  For the reasons discussed below, Chief Judge Boylan's R&R is adopted and Sorenson's claims are dismissed.

## II.  DISCUSSION

### A.  Standard of Review

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b) ("The District Judge may accept, reject, or modify the recommended decision. . . .").

### B.  Plaintiff's Objections

Sorenson raises four objections to the R&R.  First, he argues the R&R incorrectly reviews his Complaint under the Prison Litigation Reform Act ("PLRA").  Second, he argues that he did indeed state a cognizable claim upon which relief could be granted.  Third, he argues that he ought to be given a chance to amend his Complaint before it is dismissed with prejudice.  Finally, he argues that the Iqbal standard utilized by the R&R is incorrect because the subject matter is different.  Because the second and fourth arguments both relate to pleading standards, they will be addressed together.

#### 1.  PLRA Standard

Sorenson argues that "[f]rom reading the report and recommendation and the Notice of Electronic Case Filing, it appears that this matter is being reviewed under 'Prisoner' standards of the Prisoners [sic] Litigation Reform Act."  Objection at 2.  Sorenson avers because he is civilly committed to the Minnesota Sex Offender Program at the Minnesota Regional Treatment Center in Moose Lake, Minnesota, he does not meet the definition for "Prisoner" under the PLRA.  Sorenson offers no specific reference to the R&R which indicates Judge Boylan analyzed this case under PLRA.  Indeed, the R&R itself never once mentions the PLRA.  Therefore, the

Objection is overruled.

### 2. Failure to State a Claim

The second and fourth grounds for Sorenson's Objection concern whether or not the Complaint states a valid claim, and questions the proper standard for that analysis. Plaintiff argues that a pro se litigant need not raise the correct legal theory, as long as the factual allegations could support a valid claim. Additionally, the Plaintiff contends that the R&R's application of the Iqbal standard for pleading is inappropriate because Iqbal involved an extreme national and international security emergency, and because the Plaintiff there sought damages against high-level government officials.

A complaint accompanied by an IFP application will be dismissed sua sponte if the complaint fails to state a cause of action on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Even with the liberal construction given to pro se complainants, the facts alleged in a complaint must state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). The facts alleged must create a plausible (and not merely conceivable) link between the facts and the legal claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint must support its allegations with specific facts to tie the events to a constitutional injury, and not simply prop up its claims with conclusory legal statements. Ashcroft v. Iqbal,[1] 556 U.S. 662, 663 (2009).

The facts as alleged focus on Plaintiff's right to attend a relative's funeral. As Judge Boylan recognized, there is no constitutional right to leave prison for a funeral. See, e.g., Smith

---

[1] Sorenson disputes the applicability of Iqbal . However, there is no authority for the proposition that the Iqbal standard applies to a narrow range of cases. Indeed, the case itself stems from a civil rights complaint, like the present case. 556 U.S. at 668.

v. Cal. Cnty. of Corrections, No. 11-9052, 2012 WL 1901982, at *3 n.2 (C.D. Cal. May 1, 2012),("Courts have . . . concluded that there is no constitutional right for an inmate to attend a family member's funeral."); Robinson v. City of New York, No. 10-CV-4947, 2011 WL 318093, at *2 (E.D.N.Y. Jan. 31, 2011) ("Prisoners do not have a constitutionally protected interest in attending the funeral of a relative."); Williams v. Terrell, Civ.A. No. 2:1-cv-87, 2011 WL 6181446, at *2 (W.D. La. Nov. 14, 2011) ("A prisoner simply has no federal statutory or constitutional right to attend a relative's funeral."); Walters v. Washington Cnty. Jail, No. 07-5113, 2007 WL 2710433, at *2 (W.D. Ark. Sept. 13, 2007) ("[T]here is no constitutional right for a detainee to be released from incarceration to attend a family member's funeral."). Therefore, the facts do not support a constitutional injury for which there is a legal remedy.

Furthermore, Plaintiff's Equal Protection argument that he is being treated as a "class of one" fails because requests for funeral furlough are evaluated on a purely discretionary basis. See, e.g., Rasul v. United States, No 1:09-CV-928, 2009 WL 3677244, at *1 (E.D. Tex. Oct. 30, 2009). "[T]he class-of-one theory [is] a 'poor fit' in a context that involve[s] discretionary decisionmaking." Flowers v. City of Minneapolis, Minn., 558 F.3d 794, 799 (8th Cir. 2009). Plaintiff alleged no facts that he was singled out in any way, or that he was the only prisoner to be prevented from attending a relative's funeral. Without these facts, the allegations do not support a claim for relief.

### 3. Failure to Allow Leave to Amend

Finally, Plaintiff argues that the R&R erred in recommending the dismissal of his claims with prejudice without allowing time to amend the complaint to particularize the facts and injuries alleged. Specifically, Sorenson cites Lopez v. Smith for the proposition that allowing

leave to amend a deficient complaint is a procedural safeguard put in place to protect pro se litigants.  160 F.3d 567, 570 (9th Cir. 1998).  That is an incomplete reading.  Lopez held that a pro se litigant should have "an opportunity to amend the complaint to overcome the deficiency *unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment*."  Id.  (emphasis added and citation omitted). As noted above, there is no federal statutory or constitutional right to attend a family member's funeral and no new pleading can alter that legal concept.  Plaintiff's Objection is overruled in this respect.

### C. Other Recommendations by Judge Boylan

Judge Boylan's further analysis regarding the dismissal, without prejudice, of the state law claims under 28 U.S.C. § 1367(c) and the denial of Sorenson's IFP Application are not objected to by Sorenson, there is no error or faulty analysis with respect to those portions, and they are adopted.

### III.  ORDER

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection [Docket No. 6] is **OVERRULED**;

2. Judge Boylan's R&R [Docket No. 5] is **ADOPTED**;

3. Plaintiff's IFP Application [Docket No. 2] is **DENIED**;

4. Plaintiff's Motion to Appoint Counsel [Docket No. 3] is **DENIED**;

5. Plaintiff's claims based on federal law in his Complaint [Docket No. 1] are **DISMISSED WITH PREJUDICE**; and

6. Plaintiff's claims based on state law in Complaint [Docket No. 1] are **DISMISSED**

**WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 2, 2012.