## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

Eric Michael Sorenson,

    Plaintiff-Appellant,

v.

Minnesota Department of Corrections,
Minnesota Correctional Facility -Rush City,
Joan Fabian or her successors, Tom Roy,
Sarah Tardy, and Jane/John Doe #2,

    Defendants-Appellees.

Civil No. 12-1336 (ADM/AJB)

**MEMORANDUM AND ORDER**

    Plaintiff is a civilly committed inmate at the Minnesota Sex Offender Program in Moose Lake, Minnesota. He commenced this action by filing a civil rights complaint, and an application for leave to proceed in forma pauperis, ("IFP"). The matter was referred to a magistrate judge, who recommended that Plaintiff's IFP application should be denied, and this action should be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This Court adopted the magistrate judge's recommendation, (over Plaintiff's objections), and the action was dismissed. Plaintiff subsequently filed a notice of appeal, together with an application for leave to proceed in forma pauperis, ("IFP"), on appeal, which is now before the Court.

    A litigant can be granted leave to proceed IFP on appeal upon submitting proof that he or she is unable to pay the filing fee and other costs associated with the appeal. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a). The litigant must also satisfy the Court that the appeal is taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(3).

    Plaintiff's current IFP application indicates that he is employed at the institution where he

is confined, but he apparently receives only nominal wages from his employment. Plaintiff's only other income is a public assistance benefit of $74.00 per month. The IFP application also indicates that Plaintiff has no assets that could be used to pay the filing fee and costs for his appeal. Based on the information furnished in Plaintiff's IFP application, the Court finds that he is financially eligible for IFP status.[1]

Although the Court remains fully satisfied that this case was properly dismissed, Plaintiff's IFP application will not be denied for lack of good faith.

Based upon all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 11), is GRANTED.

Dated: October 15, 2012                                             s/Ann D. Montgomery

ANN D. MONTGOMERY
United States District Court Judge

---

[1] The Court notes that Plaintiff is not considered to be a "prisoner" for purposes of the IFP statute, because he is currently detained pursuant to a civil commitment. See 28 U.S.C. § 1915(g); Kolocotronis v. Morgan, 247 F.3d 726 (8th Cir. 2001). Therefore, the fee payment requirements for prisoners, which are set forth at 28 U.S.C. § 1915(b), are not applicable here.